UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/29/2016
```

MISSION CAPITAL ADVISORS LLC,

                                    Plaintiff,

                -against-

CHRISTOPHER D. ROMAKA,

                                    Defendant.

**SEIZURE ORDER**

16 Civ. 5878 (LLS)

        WHEREAS, on July 22, 2016, Plaintiff Mission Capital Advisors LLC ("Mission") filed a Complaint verified by Christie Tully, HR Mission Capital Director and an *ex parte* motion for seizure of certain property containing Plaintiff's trade secrets pursuant to 18 U.S.C. § 1836 or enjoining Defendant Christopher Romaka from disclosing such information.  In support of the motion, Plaintiff filed the affidavits of Patryk Braganza-Gallagher with exhibits (sworn to July 22, 2016) and Alex Ramirez (subsequently filed and sworn to July 26, 2016); the attorney declaration of Damian R. Cavaleri; and a memorandum of law.  The case was assigned to Judge Louis L. Stanton.

        WHEREAS, on July 22, 2016, Plaintiff appeared before Judge Ronnie Abrams, sitting in Part I, who on the same day issued an order (the "July 22 Order") (1) requiring Defendant to appear and show cause, on July 25, 2016, why an order granting a preliminary injunction restraining Defendant from accessing, disclosing, copying or otherwise conveying Plaintiff's client and contact lists ("Contact Lists") should not be entered; (2) temporarily restraining Defendant from accessing, disclosing, copying or otherwise conveying the Contact Lists pending the hearing, and (3) ordering Plaintiff to serve a copy of the order and all documents in support of Plaintiff's motion for preliminary relief on Defendant by personal service and by e-mail.

WHEREAS, on July 25, 2016, Plaintiff's counsel appeared before Judge Lorna Schofield, sitting in Part I.  Defendant did not appear.  Plaintiff's counsel represented that the July 22 Order had been served on Defendant by email but, although personal service had been attempted once on July 22, twice on July 23 and twice on July 25, personal service at Defendant's home had been unsuccessful.  At the hearing, Plaintiff requested that the TRO be continued and that Plaintiff's trade secret information in Defendant's possession be seized, as set forth in the July 22 motion.

WHEREAS, the Court finds that it clearly appears from specific facts in the verified Complaint, the two supporting affidavits and the attorney declaration that:

1.    An order issued pursuant to Rule 65 of the Federal Rules of Civil Procedure or another form of equitable relief would be inadequate because Defendant would evade, avoid, or otherwise not comply with such an order.  Although Plaintiff sent Defendant a copy of the July 22 Order at a previously used email address, Defendant did not acknowledge receipt of the July 22 Order, did not appear for the July 25 conference as ordered, and appeared to evade personal service of the order after the email was sent.

2.    An immediate and irreparable injury to Plaintiff will occur if such seizure is not ordered.

    a.  Plaintiff is a company that engages in commercial real estate finance, loan portfolio evaluation and loan sale support and advice, both nationally and internationally.  Plaintiff avers that it has made a significant investment of time, money, and experience to source its key investors and other contacts; that these confidential Contact Lists materially contribute to its success as an ongoing business; and that the dissemination of the Contact Lists will give

Plaintiff's competitors an unfair advantage and result in damage to the viability of Plaintiff's business.

    b.   The circumstances indicate that Defendant intends to misuse Plaintiffs' trade secret information.  The verified Complaint avers that Defendant was Plaintiff's director of debt and equity finance; he downloaded the Contact Lists on to his personal computer without authorization; he did so when he was absent from work for several weeks; Defendant falsely represented that he had deleted the data and permitted a forensic computer investigator to copy and review the data on his computer; the Contact Lists were found on his computer, along with other proprietary information of Plaintiff, but under a different name and a masked file type; Defendant, on information and belief, had concurrently received several offers of employment; although originally cooperative, Defendant now does not respond to Plaintiff's attempts to contact him and his employment has been terminated.

    3.    The harm to Plaintiff of denying the application outweighs the harm to the legitimate interests of Defendant.  Plaintiff avers that dissemination of the Contact Lists would cause irreparable harm to Plaintiff, its business activities, and its market share, which could cause loss of revenue and competitive advantage.  Defendant has no legitimate interest in Plaintiff's Contact Lists.  Granting Plaintiff's application also substantially outweighs the harm to any third parties who may be harmed by such seizure as no third parties have any legitimate interests in the information.

    4.    Plaintiff is likely to succeed in showing that the information at issue is a trade secret based on Plaintiff's averments as follows:  the Contact Lists contain all of Mission's

clients and contacts.  With more than 65,000 entries, the Contact Lists are a critical business tool that Plaintiff has compiled over more than a decade at great time and expense.  In the hands of competitors, the Contact Lists would be extremely valuable as they contain vetted contact information for clients, investors, referral sources, loan personnel, bank officers and key decision makers for banks and other institutions that is not publicly available.  Plaintiff preserves the confidentiality of this information, including password-protecting access to the data and a broad confidentiality provision in its employee handbook and Defendant's employment agreement.

5.      Plaintiff is likely to succeed in showing that Defendant has misappropriated Plaintiff's Contact Lists by improper means as described in Paragraph 2.b above.

6.      Plaintiff is likely to succeed in showing that Defendant has actual possession of the Contact Lists as Plaintiff avers that Defendant had the list in his possession on July 7, 2016, when Plaintiff's forensic investigator analyzed Defendant's computers.

7.      Despite the risk that Defendant would make the Contact Lists inaccessible to the court, or retain unauthorized copies, Plaintiff is proceeding on notice.  Plaintiff served a copy of its motion for seizure on Defendant as described above, and is ordered to serve a copy of this Order on Defendant as provided below.

8.      Plaintiff is likely to succeed in showing, and has represented, that it has not publicized the requested seizure (except for the filing of these motion papers); it is hereby

**ORDERED** that Plaintiff's application for the seizure of certain of its proprietary information, other than the Contact Lists, is denied without prejudice, because such information and related facts such as confidentiality and irreparable harm are not described with sufficient particularity in the moving papers.  It is further

**ORDERED** that the United States Marshals Service ("U.S. Marshal"), as soon as possible, shall seize -- i.e., copy onto a storage medium and delete the file(s) on Defendant's computer -- the Contact Lists of Plaintiff Mission Capital Advisors LLC, which as of July 7 was saved as a file called "report14695979787161.xls" in the computer's "download" folder, and a temporary file called "~$MCA Contact List.xlsx" in the computer's "desktop" folder from a Lenovo Desktop Computer at Defendant's residence, 61 West 74th Street, Apt. 3D.  It is further

**ORDERED** that before the seizure, and as a condition to granting this relief, Plaintiff shall:

(a) pay a non-refundable fee of $2,000 to the U.S. Marshal to cover the cost of effectuating the seizure;

(b) recommend a neutral technical expert for the Court to appoint, upon the request of the U.S. Marshal, to assist in the seizure;

(c) pay the fee of the neutral technical expert;

(d) file a proposed form of non-disclosure agreement to bind the neutral technical expert; and

(e) post a bond for $1000, and file proof of such bond, to provide security for the payment of any damages resulting from a wrongful or excessive seizure or attempted seizure.  It is further

**ORDERED** that seizure shall be conducted discreetly, without causing disruption or undue embarrassment to Defendant, between the hours of 7 a.m. and 7 p.m., and no forced entry shall be used to effectuate the seizure.  After a reasonable effort is made to effectuate seizure, the U.S. Marshal shall leave written notice at Defendant's residence that a seizure effort was made, and that Defendant (or his counsel) is to contact the U.S. Marshal as directed.  It is further

**ORDERED** that if the U.S. Marshal is not contacted by Defendant within forty-eight hours of leaving such notice, and the U.S. Marshal remains unable to effectuate seizure, the U.S. Marshall shall contact the Court, which will take appropriate steps.  It is further

**ORDERED** that the storage medium with the seized data shall be turned over to the Court, where it will be secured from physical and electronic access while in the custody of the Court; that the storage medium shall not be connected to a network or the Internet without the consent of both Plaintiff and Defendant, until the hearing described below; that no copies, in whole or in part, shall be made of the seized data until the parties have an opportunity to be heard in court.  It is further

**ORDERED** that a seizure hearing will be held on August 5, 2016, at 3:00 P.M. before the Hon. Louis L. Stanton, in Courtroom 21C, 500 Pearl Street, except that Defendant may seek an extension of the hearing date, and may move the Court at any time to dissolve or modify the order after giving notice to Plaintiff.  It is further

**ORDERED** that Plaintiff shall not issue public statements, except in the course of this litigation, about this Order or any seizure.  It is further

**ORDERED** that Defendant Christopher Romaka is restrained and enjoined from accessing, disclosing, copying, or otherwise conveying Plaintiff's Contact Lists during the pendency of this action as set forth in the July 22 Order.  It is further

**ORDERED** that Plaintiff shall serve a copy of this Order and the Ramirez affidavit, dated July 26, 2016, on Defendant by email by no later than the date hereof.

Dated: July 29, 2016
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6